UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-against-

COLIN KOWLESSAR,

Defendant.

---

**MEMORANDUM AND ORDER**
Case No. 25-CR-243 (FB)

BLOCK, Senior District Judge:

Defendant Colin Kowlessar moves to suppress evidence obtained from a warrantless search of his cellphone at John F. Kennedy International Airport ("JFK") and statements he later made to federal agents. ECF No. 24. For the following reasons, the motion is DENIED.

## I. BACKGROUND

According to Kowlessar's submissions, which the Court accepts as true for purposes of this motion, Kowlessar is a naturalized U.S. citizen who was on a federal watch list for suspected possession of child pornography. ECF No. 24 at 1; ECF No. 24-2 ¶ 1. On February 27, 2025, he arrived at JFK after a roughly six-hour flight from Guyana, and agents searched his cellphone without a warrant. ECF No. 24 at 1; ECF No. 24-2 ¶ 2. A Homeland Security agent then told him he was not in trouble, read him his *Miranda* rights, and questioned him. ECF No. 24-2 ¶ 3. Exhausted from the flight, Kowlessar agreed to speak. *Id.* ¶¶ 2–3.

## II. DISCUSSION

### A. Fourth and First Amendments

The Second Circuit has held that the government may search a traveler's cellphone at the border without a warrant, probable cause, or any level of suspicion. *United States v. Alisigwe*, No. 24-960, slip op. at 5, 26 (2d Cir. Sept. 17, 2026). That decision forecloses each of Kowlessar's Fourth and First Amendment arguments. It holds that *Riley v. California*, 573 U.S. 373 (2014), does not extend to border searches, *Alisigwe*, slip op. at 17–26; that the border-search exception is not limited to searches for contraband or evidence of border crimes, *id.* at 30–32; and that the First Amendment imposes no separate warrant requirement, *id.* at 32–38. It rejects as "wrong" the district court decisions Kowlessar relies on. *Id.* at 27 (rejecting *United States v. Sultanov*, 742 F. Supp. 3d 258 (E.D.N.Y. 2024), and *United States v. Smith*, 673 F. Supp. 3d 381 (S.D.N.Y. 2023)). Kowlessar's U.S. citizenship does not change the result. *See Alisigwe*, slip op. at 22, 37 (relying on *Tabbaa v. Chertoff*, 509 F.3d 89 (2d Cir. 2007), which involved searches of U.S. citizens).

### B. Fifth Amendment

Kowlessar's Fifth Amendment arguments fare no better. Because the search was lawful, it could not taint his *Miranda* waiver. Whether he was in custody does not matter: the agent read him his *Miranda* rights before questioning, and he

agreed to speak. Nor do his fatigue and the agent's assurances that he was "not in trouble" show that his will was overborne.

## III. CONCLUSION

Kowlessar's motion to suppress, ECF No. 24, is DENIED.

SO ORDERED.

/S/ Frederic Block
Senior United States District Judge

Brooklyn, New York
November 20, 2026